# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

TYRONE GARNER,                                                      PETITIONER

V.                                                          NO. 2:04CV346-P-B

DONALD CABANA, ET AL,                                              RESPONDENTS

## O P I N I O N

This cause comes before the court on the petition of Tyrone Garner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner states that he was convicted, in accordance with his plea of guilty, in the Circuit Court of Panola County, Mississippi, of burglary and forcible rape. He was sentenced as a habitual offender on January 26, 2000, to 25 years on the burglary charge and 39 years on the rape charge, with the sentences to be served consecutively.

The Antiterrorism and Effective Death Penalty Act of 1996 (Public Law No. 104-132, 110 Stat. 1214) (hereinafter, the AEDPA), which was signed into law on April 24, 1996, amended habeas corpus procedure in several different ways. Before the AEDPA there was no specific statute of limitations provision. The AEDPA provided such a limitation, codified at 28 U.S.C. § 2244(d)(1):

> (d)(1) 1-year period of limitation shall apply
> to an application for a writ of habeas corpus
> by a person in custody pursuant to the judgment
> of a State court. The limitation period shall
> run from the latest of
>     (A) the date on which the judgment became
> final by the conclusion of direct review
> or the expiration of the time for seeking
> such review;
>     (B) the date on which the impediment to
> filing an application created by State
> action in violation of the Constitution
> or laws of the United States is removed,
> if the applicant was prevented from filing
> such State action;
>     (C) the date on which the constitutional
> right asserted was initially recognized by

> the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Accordingly, unless the narrow exceptions of § 2244(d)(1)(B-D) apply, the AEDPA requires that a federal habeas corpus petition be filed within one year of the date that the petitioner's judgment of conviction becomes final, subject to tolling for the period when a properly filed motion for post-conviction relief is pending in state court. *See, e.g., Cantu-Tzin*, 162 F.3d 295 (5th Cir. 1998), *cert. Denied*, 119 S.Ct. 847 (1999); *Sonnier v. Johnson*, 161 F.3d 941, 944 (5th Cir. 1998); *Flanagan v. Johnson*, 154 F.3d 196, n.1 (5th Cir. 1998); *se also, Hoggro v. Boone*, 150 F.3d 1223, 1226 (10th Cir. 1998) (2244(d)(2) requires federal courts to toll the time spent in state court post-conviction litigation).

There is no direct appeal from a guilty plea under Mississippi law. *See* Miss. Code Ann. § 99-35-101. Hence, petitioner's judgment became final on February 25, 2000, 30 days after he was sentenced on his guilty plea. *See Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003).[1] Consequently,

---

[1] The Mississippi State Court allows one exception to the statutory prohibition to direct appeals from guilty pleas: an appeal from a guilty plea within 30 days may be taken when the issue concerned an alleged illegal sentence. *See Burns v. State*, 344 So.2d 1189 (Miss. 1977). Petitioner did not file such an appeal.

2

unless petitioner filed a "properly filed" application on or before February 26, 2001,[2] to toll the period of limitation, any habeas corpus petition challenging the convictions would be filed too late. *See Flanagan v. Johnson*, 154 F.3d 196, 201 (5th Cir. 1998). The Mississippi state court records indicate that no "properly filed" post-conviction motions challenging the conviction or sentence were filed by petitioner on or before February 26, 2001.[3] Accordingly, the tolling portion of § 2244(d)(2) is not applicable in this case.

The petition filed in this court in December 2004 was filed approximately 46 months after the allowable time. Petitioner cites no "rare and exceptional" circumstances to warrant equitable tolling.[4] Consequently, the petition must be dismissed with prejudice as untimely filed. A final judgment in accordance with this opinion will be entered.

THIS the 19th day of September, 2005.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE

---

[2] The period allowed by statute fell on February 25, 2001; however, that date fell on a Sunday, and the petition was therefore due not later than the next business day, which was Monday, February 26, 2001.

[3] Petitioner filed a Motion for Post-Conviction Collateral Relief on August 12, 2002, which the trial court denied on December 30, 2002. Garner appealed the trial court's decision, and the Mississippi Court of Appeals affirmed the lower court's denial of relief on January 27, 2004. However, the motion was not filed until August 12, 2002, some 532 days after the February 26, 2001, deadline for filing a federal habeas. Therefore, this did not bring the tolling provisions of 2244(d) into play.

[4] Petitioner was not actively misled nor prevented in some extraordinary way from asserting his rights. *See Ott v. Johnson*, 192 F.3d 510, at 513-14 (5th Cir. 1999).